**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 15-67-SDD-RLB |
| SHANTA R. BARNES | |

**RULING**

This matter is before the Court on the *Motion to Vacate Under 28 U.S.C. § 2255*[1] filed by Defendant, Shanta R. Barnes ("Defendant'). The Government has filed an *Opposition*[2] to this motion. For the reasons which follow, the motion shall be DENIED.

**I.   BACKGROUND FACTS**

Defendant was previously employed as the director of the Louisiana Health and Rehabilitations program ("LHRO"), which was purportedly an in-patient rehabilitation and detoxification center in Baton Rouge, Louisiana.[3] Among other services, the LHRO utilized detox treatments, including prescribed medications to control and alleviate withdrawal symptoms for individuals with drug addictions, in this case, opiates.[4] As stipulated by Defendant in the Plea Agreement, between June of 2009 and May of 2010, Defendant executed a scheme to defraud Medicaid to her own benefit by filing knowingly false and fraudulent claims in the name of four recipients (A.A., A.L., M.R., and C.W.).[5]

---

[1] Rec. Doc. No. 47.
[2] Rec. Doc. No. 49.
[3] Rec. Doc. No. 31.
[4] *Id.*
[5] *Id.*

1

Recipients under Medicaid receive various services and benefits, particularly Medicaid will pay for certain prescriptions if the medication in question is medically necessary, authorized by a physician, and filled and dispensed by an approved pharmacy to the recipient.[6] Defendant represented on the claims at issue that the prescriptions of oxycodone were medically necessary, had been lawfully prescribed by a physician, and had been delivered to each recipient.[7] In reality, these were all fabrications by the Defendant, the prescriptions for oxycodone were not medically necessary, not prescribed, and were never delivered to the recipients.[8] Defendant used these falsified claims to receive oxycodone which she then used for her own benefit.[9]

On May 14, 2015, Defendant was charged by *Indictment* with twelve counts of fraud and identity theft relating to this scheme.[10]  Pursuant to a Plea Agreement, on September 3, 2015, Defendant pled guilty to counts one through eight of the *Indictment*.[11] In exchange, the Government agreed to move to dismiss counts nine through twelve at sentencing.[12]

The Court accepted the Plea Agreement and sentenced Defendant on April 14, 2016.[13] The Court entered judgment on April 18, 2016.[14]  Defendant was sentenced to 60 months total for all eight counts - 36 months on counts one through four, to run concurrently, and 24 months on counts five through eight, to also run concurrently, but

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] Rec. Doc. No. 1.
[11] Rec. Doc. No. 31.
[12] *Id.*
[13] Rec. Doc. No. 41.
[14] *Id.*

2

consecutive to counts one through four.[15] The Defendant also was required to pay $800.00 in a special assessment, $17,582.53 in restitution, and a $25,000.00 fine.[16] Also, upon release, Defendant was required to be on supervised release for a term of three years.[17] Defendant's sentence became final on May 2, 2016.[18]

Two years and four months post-judgment, on July 1, 2018, Defendant filed this Section 2255 motion claiming ineffective assistance of counsel.[19] While Defendant admits the statute of limitations has long passed to assert this claim, she argues that equitable tolling applies here due to: (1) physical and mental health issues; (2) unfair disciplinary proceedings; (3) and fear of retaliation from both inside and outside the correctional facility.[20] The Government responds only to Defendant's request for equitable tolling and reserves its right to substantively contest Defendant's claim of ineffective assistance of counsel if equitable tolling is applied.[21]

## II.   Equitable Tolling

A motion made under 28 U.S.C. § 2255 is subject to a one-year statute of limitations and " shall run from . . . the date on which the judgment of conviction becomes final."[22] In this case, the judgment became final on May 2, 2016, 14 days after it was entered by the Court on April 18, 2016.[23]  Thus, unless the one year statute of limitations was tolled, the Movant's claim was time barred after May 2, 2017. *Pro se* prisoners are

---

[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] Rec. Doc. No. 49; Fed. R. App. P. 4(b)(1)(A)(i).
[19] Rec. Doc. No.  47.
[20] *Id.*
[21] Rec. Doc. No. 49.
[22] 28 U.S.C. § 2255(f)(1); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).
[23] Rec. Doc. No. 49; Fed. R. App. P. 4(b)(1)(A)(i).

3

subject to the mailbox rule, which determines that a filing is deemed filed as soon as it has been deposited into the prison mail system.[24] Defendant mailed her motion on July 1, 2018, one day short of two years and two months after the judgment became final.[25]

The Fifth Circuit has maintained that, since the one-year statute of limitations of 28 U.S.C. § 2255 is not jurisdictional, it is subject to equitable tolling.[26] However, equitable tolling should only be granted in "rare and exceptional circumstances."[27] "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[28] Prevention in this case requires a causal relationship between the extraordinary circumstances and the failure to timely file.[29] The Court turns to an analysis of these two factors.

### A. Reasonable Diligence

Defendant fails to address reasonable diligence, the first element necessary to apply equitable tolling. To prove reasonable diligence, a claimant must make specific factual assertions of events whereby she acted with reasonable diligence that justify an untimely filing.[30] Defendant offers no facts or evidence that she attempted to contact her

---

[24] *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (citing *Houston v. Lack*, 487 U.S. 266 (1988) and *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995)); Fed. R. App. P. 4(b)(1)(A)(i).
[25] Rec. Doc. 47.
[26] *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).
[27] *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).
[28] *United States v. Perkins*, 481 App'x 114, 117 (5th Cir. 2012) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted)).
[29] *Id.* at 118.
[30] *See, e.g., Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (petitioner's "conclusory statement that he 'diligently pursued his rights and remedies' will not suffice"); *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) ("inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence"); *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006), *opinion modified on reh'g*, 459 F.3d 1310 (11th Cir. 2006) (per curiam) (to show diligence, petitioner must provide details of specific actions taken toward filing the petition).

4

attorney for documents, sought new counsel, requested documents from the Clerk of Court, or engaged in any other conduct reflecting any form of diligence on her part.[31] Defendant makes merely conclusory statements that she was unable to do so.[32] Coupled with the fact that Defendant took over two years to file her motion and that she provided no specific factual assertions or evidence to support that she made efforts to file timely, the Court finds that Defendant fails to meet the high burden of proof necessary to prove that she acted with reasonable diligence which is required to grant equitable tolling.

### B. Extraordinary Circumstances

Defendant likewise fails to meet her burden of demonstrating extraordinary circumstances. Defendant claims she is entitled to equitable tolling due to physical and mental health issues, unfair disciplinary proceedings, and fear of retaliation from the filing of her motion.[33]  However, Defendant has not demonstrated a mental infirmity that rises to the level of an extraordinary circumstance.  Defendant contends she suffers from "various physical and mental issues . . . which have prevented her from timely handling her affairs related to the courts,"[34] such as: (1) drug and alcohol addiction and mental infirmities associated with them and (2) other unnamed mental and physical deficiencies.[35] Yet, Defendant fails to show how, exactly, these alleged infirmities qualify as extraordinary circumstances that prevented her filing. Courts within the Fifth Circuit

---

[31] *See Palacios v. Stephens*, 723 F.3d 600 (5th Cir. 2013) (reasonable diligence was not found even when a new attorney was requested and contacted numerous times because defendant waited seven months to do so); *Mathis v. Thaler*, 616 F.3d 461 (5th Cir. 2010) (defendant was found to have acted with reasonable diligence by multiple motions in different tribunals).
[32] Rec. Doc. No. 47.
[33] *Id.*
[34] *Id.*
[35] *Id.*

have determined that conclusory assertions of mental illness and drug addiction are insufficient to justify equitable tolling.[36]

Defendant also claims these unspecified infirmities required extensive medical treatment and strong medication, but she fails to state with specificity the extent of these treatments and how they constituted extraordinary circumstances which prevented timely filing.[37] For example, the Fifth Circuit applies a high evidentiary burden to show extraordinary circumstances in this situation and has held that a defendant who was hospitalized thirteen times in a one-year period failed to show extraordinary circumstances by not providing necessary details of the hospitalizations to determine if they prevented the defendant's filing.[38] Therefore, as a matter of fact and law, Defendant's allegations of the existence of addiction and other infirmities, without any specific factual allegations as to how they prevented her timely filing, are insufficient to apply equitable tolling.

Defendant also claims she was subjected to "unfair disciplinary proceedings" which constitute extraordinary circumstances warranting equitable tolling.[39] However, "the extraordinary circumstances prong . . . is meant to cover matters outside [the litigant's] control."[40] Defendant fails to describe the disciplinary proceedings, why they were unfair, what issue prompted the proceedings, or for how long they lasted – all facts necessary to determine if these proceedings constitute extraordinary circumstances. Defendant's only

---

[36] *Hennington v. Johnson*, No. 4:00-CV-0292-A, , 2001 U.S. Dist. LEXIS 15239 (N.D. Tex. 2001); *Ambers v. Cockrell*, 2002 U.S. Dist. LEXIS 11503 (N.D. Tex. 2002); *United States v. Killough*, No. 3-89-CR-0199-h, No. 3-02-CV-0027-H, 2002 U.S. Dist. LEXIS 2779 (N.D. Tex. 2002).
[37] Rec. Doc. No. 47.
[38] *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).
[39] Rec. Doc. No. 47.
[40] *Joyner v. Kent*, No. 16-16595, 2019 U.S. Dist. LEXIS 133629, at *8 (E.D. La. 2019) (citing *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016)).

6

comment regarding the proceedings is that they were unfair, but she provides no evidence to support this conclusory assertion.[41]

Finally, Defendant claims that she has a well-founded fear of retaliation which prevented her timely filing.[42] However, as with her other claims, Defendant offers no facts or evidence to support this assertion. The Defendant bears the burden of proof in presenting facts to prove extraordinary circumstances.[43] Fear of retaliation, supported by specific facts and evidence justifying such a fear, could fall under this definition; however, Defendant offers nothing but a conclusory statement that this prevented her timely filing. Defendant has simply failed to carry her burden to demonstrate that equitable tolling applies in this case.

### III. CONCLUSION

For the reasons set forth above, the Defendant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence*[44] is DENIED as untimely.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on November 24, 2020.

*(signature)*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[41] Rec. Doc. No. 47.
[42] *Id.*
[43] *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008).
[44] Rec. Doc. No. 47.